## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re<br><br>RICHARD CRESPO<br><br>                              Debtor. | Chapter: 13<br>Case No.: 15-22043<br><br>May 11, 2016 |

### OBJECTION TO FINAL ACCOUNT AND APPLICATION FOR COMPENSATION

Richard Crespo, through his counsel Beckett Law, LLC, responds to the final account and application for compensation of Boardwalk Realty Associates, LLC (the "Movant") as follows:

**I.    The Movant has not provided any evidence as to the fees or costs incurred, and therefore the application should be denied.**

1. The Receiver's fee application consists of a single sentence contained in Paragraph 6 of his application. See ECF no.: 32. The single sentence does not provide any guidance to the Court or to the Debtor as to what services the Receiver actually performed or how the fees are reasonable sought are reasonable. The Receiver has also attached no invoices for his expenses. See id.

2. The custodian must present sufficient evidence to support the requested compensation. See, e.g., In re Ashley, 41 B.R. 67, 73 (Bankr. E.D. Mich. 1984). The reasonableness of the fees are governed by 11 U.S.C. § 503(b)(4). See also In re Snergy Properties, Inc., 130 B.R. 700 (Bankr. S.D. N.Y. 1991); In re Sevitski, 161 B.R. 847 (Bankr. N.D. Okla. 1993) (debtor's prepetition state court receiver was not entitled to full amount of requested fees as an administrative priority; because the receivership merely delayed the inevitable onset of bankruptcy and did little to mitigate the debtor's losses or facilitate

liquidation, most of the claimed fees and expense were "unreasonable" and "excessive").

3. Simple denomination of a document as a fee application does not make it one. No evidence in support of the application or representation as to the services provided. The fee application should be denied.

II. **The Receiver failed to file any claim for pre-petition fees, and therefore his claim should be denied as untimely**.

4. The Receiver is required by the bankruptcy code to file a claim for any pre-petition costs or fees. Contrary to the contention of the Receiver, "[t]he term "claim" means—

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

5. Furthermore, 11 U.S.C. § 502(d) specifically provides that the Receiver's claim cannot be allowed until any property on hand has been turned over to the trustee or debtor-in-possession. The provision states, in relevant part,

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section …543 …of this title … unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section … 543 … of this title.

6. 11 U.S.C § 543 requires a receiver with notice of the bankruptcy case to "promptly" file his account. See also In re Davitch, 336 B.R. 241, 249 (Bankr. W.D. Pa. 2006) (custodian violated § 543(b) by failing to deliver funds upon learning of debtor's bankruptcy); In re

Watkins, 63 B.R. 46 (Bankr. D. Colo. 1986); In re Zaisan, Inc., 80 B.R. 832 (Bankr. S.D. Tex. 1987) (custodian that neither turned over property nor made Code § 543(d) exemption request denied compensation for postpetition storage charges).

7. The Receiver was noticed in the bankruptcy petition as well as by letter mailed from this office on December 3, 2015. While other provisions of the code may dictate the priority of the claim, it is still a claim. As an unfiled and untimely claim, the claim cannot be allowed under 11 U.S.C. § 502(b)(9).

8. Therefore, the application should be denied in full.

### III.  Prior to the bankruptcy case, the Receiver had sufficient funds on hand to pay off all current and past-due water charges as well as retain for himself reimbursement for costs and fees of $3,926.58 but he elected to continue the Receivership solely to increase his own fees.

9. Assuming, for the sake of argument, that a fee of over $3,000 is reasonable, the Receiver had sufficient funds on hand to pay himself that fee and satisfy the MDC as of mid-August 2015. See ECF No.: 27. See Sevitski, 161 B.R. 847, supra. He should have sought his discharge from Superior Court at that time, rather than over four months after the commencement of the Bankruptcy case.

10. Under 11 U.S.C. § 503(b)(4) is reasonable, the Court should review a receiver's application for compensation under the following factors:

    a. the time and labor expended by the custodian; In re Acme Heating & Air Conditioning Supply, Inc., 20 B.R. 129, 131 (Bankr. D. R.I. 1982); In re Gomes, 19 B.R. 9, 11 (Bankr. D. R.I. 1982); In re Marichal-Agosto, Inc., 12 B.R. 891, 893 (Bankr. S.D. N.Y. 1981).

    b. the benefit of the custodian's services to the debtor and the estate; In re

      Cowell/McCormack Joint Venture, 36 B.R. 652 (Bankr. D. Haw. 1984); Matter of North Port Development Co., 36 B.R. 19, 21, (Bankr. E.D. Mo. 1983); In re Gomes, 19 B.R. 9, 11 (Bankr. D. R.I. 1982);[1]

    c. the size and/or complexity of the estate; In re Acme Heating & Air Conditioning Supply, Inc., 20 B.R. at 131; In re Gomes, 19 B.R. at 11; In re Marichal-Agosto, Inc., 12 B.R. at 893; Matter of Left Guard of Madison, Inc., 11 B.R. 238 (Bankr. W.D. Wis. 1981).

    d. what the custodian would have received if it had been appointed as trustee for the debtor; In re Acme Heating & Air Conditioning Supply, Inc., 20. B.R. 129; In re Gomes, 19 B.R. at

    e. and the quality of the custodian's services. In re Acme Heating & Air Conditioning Supply, Inc., 20 B.R. at 131.

A bankruptcy court is required to exercise independent judgment in the determination of the reasonableness of the compensation. See, e.g., In re Studio No. 54 Disco, Inc., 21 B.R. 308, 314 (Bankr. E.D. N.Y. 1982); In re Gomes, 19 B.R. at 11.

11. Based on the foregoing, it is respectfully submitted that the compensation sought by the Receiver is not reasonable and should be disallowed.

---

[1] Services that do not benefit the estate should not be compensated. See, e.g., Matter of North Port Development Co., 36 B.R. 19, 21, (Bankr. E.D. Mo. 1983) (time spent unsuccessfully opposing turnover request in preparing fee request); In re Marichal-Agosto, Inc., 12 B.R. 891, 894 (Bankr. S.D. N.Y. 1981) (time spent bringing frivolous motion opposing turnover); Matter of Left Guard of Madison, Inc., 11 B.R. 238, 242 (Bankr. W.D. Wis. 1981) (payment of withholding taxes on basis of groundless threat by IRS).

**WHEREFORE**, the Movant prays for an Order of this Court:

    a. to the extent the Court determines the Receiver's fee was not reasonable, surcharging the Receiver the sum of $5,384;

together with any and all other relief as the Court may deem just and equitable.

                                                  RICHARD CRESPO, Movant

Dated:  May 11, 2016                           /s/ David Lavery
                                                       David Lavery (ct29971)
                                                       Beckett Law, LLC
                                                       543 Prospect Avenue
                                                       Hartford, CT   06105
                                                       T: 860-236-1111
                                                       F: 860-236-0050
                                                       DavidL@beckett-law.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| In re | Chapter: 13 |
|---|---|
| RICHARD CRESPO | Case No.: 15-22043 |
|  | May 11, 2016 |
| Debtor. | |

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, Rule 2002 and 7004, the undersigned certifies that on the 11th day of May, 2016, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system or by first class mail on the parties listed in section 2 below.

1. **Documents Served:**
    1. Objection to Account & Application for Compensation

2. **Parties Served Via First Class Mail:**

    Richard Crespo
    1947 Broad Street
    Hartford, CT 06114

3. **Parties Served VIA CM / ECF:**

    Suzann L. Beckett
    Beckett Law, LLC
    SuzannB@Beckett-Law.com

    Victoria L. Forcella
    Hunt Leibert Jacobson, PC
    vforcella@huntleibert.com

    Gary J. Greene
    Greene Law, PC
    bankruptcy@greenelawpc.com

    Mitchell J. Levine
    Law Offices of Nair & Levin
    MLevine@nairlevin.com

    Linda A. Russo
    Attorney General's Office
    linda.russo@ct.gov

    Linda St. Pierre
    Hunt Leibert Jacobson PC
    bankruptcy@huntleibert.com,
    lstpierre@huntleibert.com
    U. S. Trustee
    USTPRegion02.NH.ECF@USDOJ.gov

    Molly T. Whiton
    mtwhiton@mtwhiton.com

Dated: May 11, 2016            /s/ David Lavery
                                       David Lavery (ct29971)
                                       Beckett Law, LLC
                                       543 Prospect Ave
                                       Hartford, CT 06105
                                       T: 860-236-1111
                                       F: 860-236-0050
                                       DavidL@beckett-law.com