**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re<br><br>RICHARD CRESPO<br><br><div align="right">Debtor.</div> | Chapter: 13<br>Case No.: 15-22043<br><br>May 26, 2016 |
| RICHARD CRESPO<br><br><div align="center">Movant.</div><br><div align="center">-against-</div><br>BOARDWALK REALTY ASSOCIATES, LLC,<br><br><div align="center">Respondents.</div> | |

---

**PRE-HEARING MEMORANDUM OF LAW**

---

RICHARD CRESPO, Movant

Dated:  May 26, 2016

David Lavery (ct29971)
Beckett Law, LLC
543 Prospect Avenue
Hartford, CT   06105
T: 860-236-1111
F: 860-236-0050
DavidL@beckett-law.com

**TABLE OF CONTENTS**

ARGUMENT   …………………………………………………………………………1

I.     The claim is *per se* untimely, and must be disallowed   ……………………………….1

II.    The burden is squarely on the Receiver to present admissible evidence that its
       costs and fees were properly and reasonably incurred   ……………………………….4

III.   The pursuit of an arbitrary 21.9% fee prejudiced both the MDC and Mr. Crespo  ………6

CONCLUSION   ……………………………………………………………………….6

## TABLE OF AUTHORITIES

**Cases**

In re Acme Heating & Air Conditioning Supply, Inc., 20 B.R. 129, 131
    (Bankr. D. R.I. 1982)     …………………………………………….………5

In re Ashley, 41 B.R. 67, 73 (Bankr. E.D. Mich. 1984)   …………………………….……….3

In re Borders Group, Inc., 462 B.R. 48, 52-53 (Bankr. S.D.N.Y. 2011)   ……….….……….2

In re Cowell/McCormack Joint Venture, 36 B.R. 652 (Bankr. D. Haw. 1984)   ………….…….5

In re Davitch, 336 B.R. 241, 249 (Bankr. W.D. Pa. 2006)   …….…………………….……….3

In re Feldman, 261 B.R. 568, 575 (Bankr. E.D.N.Y. 2001)   …….…………………….……….2

In re Gardenhire, 209 F. 3d 1145 (9th Cir. 2000)   …….…………………………….……….2

In re Gomes, 19 B.R. 9, 11 (Bankr. D. R.I. 1982)   …….…………………………….……….5

Matter of Greenig, 152 F. 3d 631, 635 (7th Cir. 1998)   …….……………….……….………2, 3-4

Matter of Left Guard of Madison, Inc., 11 B.R. 238 (Bankr. W.D. Wis. 1981)   …….…………5

In re Marichal-Agosto, Inc., 12 B.R. 891, 893 (Bankr. S.D. N.Y. 1981) ……….…………….……5

In re MJ Waterman & Associates, Inc., 227 F. 3d 604 (6th Cir. 2000)   ………….……….……….2

Matter of North Port Development Co., 36 B.R. 19, 21, (Bankr. E.D. Mo. 1983)   …….……….5

In re Sevitski, 161 B.R. 847 (Bankr. N.D. Okla. 1993) …….……………………….…………4

In re Snergy Properties, Inc., 130 B.R. 700 (Bankr. S.D. N.Y. 1991)   …….……………….…..4

In re Studio No. 54 Disco, Inc., 21 B.R. 308, 314 (Bankr. E.D. N.Y. 1982)   …….….……….5

U.S. Lines v. U.S. Lines Reorg. Trust, 262 B.R. 223, 234 (S.D.N.Y. 2001)   …….….……….2

In re Zaisan, Inc., 80 B.R. 832 (Bankr. S.D. Tex. 1987)   …….…………….…………….3

**Statutes**

11 U.S.C. § 101  ……………………………………………………………………….……….……1

11 U.S.C. § 502  ………………………………………………………………………….……*passim*

11 U.S.C. § 503  ………………………………………………………………………….……*passim*

11 U.S.C. § 543  ………………………………………………………………………….……*passim*

**Rules**

FRBP 3002     ……………………………………………………………………….….…….…2

As per this Court's order dated May 19, 2016, the Debtor Richard Crespo, through his

counsel Beckett Law, LLC, files this brief to reflect his position on controlling questions of law.

1.       Richard Crespo objected to the pre-petition claim of a receiver appointed in state

court on behalf of the Metropolitan District Commission ("MDC") on three grounds: (1) as a

matter of law, Boardwalk's claim is *per se* untimely, (2) Boardwalk cannot demonstrate that the

fees it seeks are reasonable, and (3) Boardwalk did not manage the receivership in a manner that

would have maximized the recovery of the MDC, and the mismanagement has prejudiced Mr.

Crespo. Familiarity with the general facts is reflected in the parties' prior submissions and the

facts are not restated here.

**ARGUMENT**

**I.      The claim is *per se* untimely, and must be disallowed.**

2.       Boardwalk's claim is *per se* untimely. The right to payment arose pre-petition. No

claim in support was filed. Denominating the claim as an application for compensation rather

than a claim has no bearing on its timeliness.

3.       "The term "claim" means—

> (A) right to payment, whether or not such right is reduced to judgment, liquidated,
> unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal,
> equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives
> rise to a right to payment, whether or not such right to an equitable remedy is
> reduced to judgment, fixed, contingent, matured, unmatured, disputed,
> undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

4.       11 U.S.C. § 502(a) provides that a claim can only be allowed if it is filed. 11

U.S.C. § 502(b)(9) provides that a claim cannot be allowed if it is untimely. None of the

exceptions provided for in that paragraph are present here. Furthermore, 11 U.S.C. § 502(d) specifically provides that the Receiver's claim cannot be allowed until any property on hand has been turned over to the trustee or debtor-in-possession. The provision states, in relevant part,

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section …543 …of this title … unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section … 543 … of this title.

5.      The Bankruptcy Code converts a custodian or receiver's claim to an administrative priority claim under 11 U.S.C. § 503(b)(3)(E). However, it is only entitled to payment if it is 'timely' filed. FRBP 3002(c) provides that claims in Chapter 13 cases must typically be filed within 90 days.

6.      The Circuit Courts that have considered 11 U.S.C. § 502(b)(9) have uniformly held that it is a strict requirement that must be complied with. Matter of Greenig, 152 F. 3d 631, 635 (7th Cir. 1998); In re Gardenhire, 209 F. 3d 1145 (9th Cir. 2000); In re MJ Waterman & Associates, Inc., 227 F. 3d 604 (6th Cir. 2000) (also discussing informal proofs of claim). The same result has been consistently reached by lower courts in the Second Circuit. See, e.g., U.S. Lines v. U.S. Lines Reorg. Trust, 262 B.R. 223, 234 (S.D.N.Y. 2001); In re Borders Group, Inc., 462 B.R. 48, 52-53 (Bankr. S.D.N.Y. 2011); In re Feldman, 261 B.R. 568, 575 (Bankr. E.D.N.Y. 2001).

7.      Trying to escape the reach of 502(b)(9), Boardwalk contends that it is entitled to special treatment as a 'custodian' but points to no statute, rule, or case law for any authority. It contends that it does not have a claim at all, but at the same time it has a right to payment. This is inconsistent with the Bankruptcy Code and with the treatment of all other pre-petition claims, including claims of debtors' counsel.

8.      The only special treatment pre-petition custodians are entitled arises when

continuation of the receivership is in the best interests of creditors. 11 U.S.C. § 543. This is

known as the 'modified abstention' provision that typically applies where there is a single

receiver for all creditors, such as in cases brought by the SEC, cases brought for environmental

clean-up, or in Single Asset Real Estate ("SARE") cases. As receiver for a single creditor in a

Chapter 13 asset case with many other creditors, Boardwalk cannot meet this standard.

Moreover, a single receiver cannot be appointed to 'wind-up' the affairs of a living person,

unlike in cases involving a business association. Therefore, the abstention provisions are

inapplicable.

9.      11 U.S.C. § 543 is consistent with 502 and 503 in that the account is to be

promptly filed in order to give all parties in interest an opportunity to evaluate the pre-petition

activities of the receiver. See also In re Davitch, 336 B.R. 241, 249 (Bankr. W.D. Pa. 2006)

(custodian violated § 543(b) by failing to deliver funds upon learning of debtor's bankruptcy); In

re Watkins, 63 B.R. 46 (Bankr. D. Colo. 1986); In re Zaisan, Inc., 80 B.R. 832 (Bankr. S.D. Tex.

1987) (custodian that neither turned over property nor made Code § 543(d) exemption request

denied compensation for postpetition storage charges).

10.     Both Boardwalk and Greene Law, P.C. were noticed via the creditor matrix in

December of 2015. Despite notice of the filing, a written and verbal request for Boardwalk to file

an account, a motion for turnover, and a fee application, no claim has been filed. In the fee

application that was finally filed, no affidavit, time records, or invoices were provided from

Boardwalk.

11.     The result requested is understandably a harsh result. The same concern was

present in Matter of Greenig, supra, 152 F.3d at 634. As Boardwalk indicated in its most recent

filing, it has closed 509 receivership cases for the MDC in the last seven-and-a-half years. Mr.

Crespo's case will not be the last consumer bankruptcy proceeding that Boardwalk is involved

in. To allow it to file and receive payment on untimely claims would indicate to creditors that

compliance with the Bankruptcy Code and Rules is optional.

**II.      The burden is squarely on the Receiver to present admissible evidence that
its costs and fees were properly and reasonably incurred.**

12.      The burden is on Boardwalk to present admissible evidence. In support of its

application for compensation, it submitted no admissible evidence. In support of its brief filed on

May 26, 2016, it appears to be requesting reimbursement for some costs that were incurred or

arose post-petition. It still has not provided any admissible evidence of its fees. To the extent an

evidentiary hearing is held in this matter, the Court should be guided by the following standards

for fees.

13.      The custodian must present sufficient evidence to support the requested

compensation. See, e.g., In re Ashley, 41 B.R. 67, 73 (Bankr. E.D. Mich. 1984). The

reasonableness of the fees are governed by 11 U.S.C. § 503(b)(4). See also In re Snergy

Properties, Inc., 130 B.R. 700 (Bankr. S.D. N.Y. 1991); In re Sevitski, 161 B.R. 847 (Bankr.

N.D. Okla. 1993) (debtor's prepetition state court receiver was not entitled to full amount of

requested fees as an administrative priority; because the receivership merely delayed the

inevitable onset of bankruptcy and did little to mitigate the debtor's losses or facilitate

liquidation, most of the claimed fees and expense were "unreasonable" and "excessive").

14.      Under 11 U.S.C. § 503(b)(3), the Court should review a receiver's application for

compensation under the following factors:

a.   the time and labor expended by the custodian; In re Acme Heating & Air

Conditioning Supply, Inc., 20 B.R. 129, 131 (Bankr. D. R.I. 1982); In re Gomes,

19 B.R. 9, 11 (Bankr. D. R.I. 1982); In re Marichal-Agosto, Inc., 12 B.R. 891, 893

(Bankr. S.D. N.Y. 1981).

b.   the benefit of the custodian's services to the debtor and the estate; In re

Cowell/McCormack Joint Venture, 36 B.R. 652 (Bankr. D. Haw. 1984); Matter of

North Port Development Co., 36 B.R. 19, 21, (Bankr. E.D. Mo. 1983); In re

Gomes, 19 B.R. 9, 11 (Bankr. D. R.I. 1982);

c.   the size and/or complexity of the estate; In re Acme Heating & Air Conditioning

Supply, Inc., 20 B.R. at 131; In re Gomes, 19 B.R. at 11; In re Marichal-Agosto,

Inc., 12 B.R. at 893; Matter of Left Guard of Madison, Inc., 11 B.R. 238 (Bankr.

W.D. Wis. 1981).

d.   what the custodian would have received if it had been appointed as trustee for the

debtor; In re Acme Heating & Air Conditioning Supply, Inc., 20. B.R. 129; In re

Gomes, 19 B.R. at

e.   and the quality of the custodian's services. In re Acme Heating & Air

Conditioning Supply, Inc., 20 B.R. at 131.

15.   A bankruptcy court is required to exercise independent judgment in the

determination of the reasonableness of the compensation. See, e.g., In re Studio No. 54 Disco,

Inc., 21 B.R. 308, 314 (Bankr. E.D. N.Y. 1982); In re Gomes, 19 B.R. at 11.

16.    Without contemporaneous records kept in the ordinary course of business it is

impossible to determine exactly what services were provided. Boardwalk now argues it spends

about 4 hours per month on its cases. Assuming its cases last around 12 months from

appointment through discharge, it has about 70 closed cases per year that would lead to billable

time of 3,360 hours.

**III.**     **The pursuit of an arbitrary 21.9% fee prejudiced both the MDC and Mr. Crespo.**

17.     As Mr. Crespo set forth in his initial turnover motion, according to the account of Boardwalk it at one point had sufficient assets on hand to pay the MDC all current and past-due charges and retain the sum of $3,926.58. At this time in the middle of August, 2015, $20,834 had been recovered and Boardwalk would have been able to retain the equally arbitrary fee of 18.8%.

18.     To the extent that Mr. Crespo now has additional pre-petition liabilities to the MDC that could have been satisfied but for the arbitrary 21.9% fee, Mr. Crespo seeks an order surcharging Boardwalk for those fees. Charges of $1,237 came due after the point in mid-August of 2015 referenced above.

## CONCLUSION

19.     Mr. Crespo respectfully submits that the Court should be guided by the foregoing on the issues of timeliness of claims, reasonableness of fees, and proper management of the rent receivership in its evaluation of Boardwalk's application for compensation. The burden is not on Mr. Crespo or his counsel to chase after Boardwalk for its account, for explanations of its fees, or explanations of its costs. Rather, it is on Boardwalk to promptly and properly submit them to the Court.

Dated:  May 26, 2016                              _/s/ David Lavery_
                                                 David Lavery (ct29971)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re | Chapter: 13 |
| | Case No.: 15-22043 |
| RICHARD CRESPO | |
| | May 26, 2016 |
| Debtor. | |

## CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, Rule 2002 and 7004, the undersigned certifies that on the 26th day of May, 2016, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system or by first class mail on the parties listed in section 2 below.

1. **Documents Served:**
   1. Pre-hearing memorandum of law

2. **Parties Served Via First Class Mail:**

   Richard Crespo
   1947 Broad Street
   Hartford, CT 06114

3. **Parties Served VIA CM / ECF:**

   Suzann L. Beckett
   Beckett Law, LLC
   SuzannB@Beckett-Law.com               Mitchell J. Levine
                                         Law Offices of Nair & Levin
   Victoria L. Forcella                  MLevine@nairlevin.com
   Hunt Leibert Jacobson, PC             Linda A. Russo
   vforcella@huntleibert.com             Attorney General's Office
                                         linda.russo@ct.gov
   Gary J. Greene
   Greene Law, PC                        Linda St. Pierre
   bankruptcy@greenelawpc.com            Hunt Leibert Jacobson PC
                                         bankruptcy@huntleibert.com,
                                         lstpierre@huntleibert.com
                                         U. S. Trustee

USTPRegion02.NH.ECF@USDOJ.gov        Molly T. Whiton
                                     mtwhiton@mtwhiton.com

Dated: May 26, 2016           /s/ David Lavery
                              David Lavery (ct29971)
                              Beckett Law, LLC
                              543 Prospect Ave
                              Hartford, CT 06105
                              T: 860-236-1111
                              F: 860-236-0050
                              DavidL@beckett-law.com